UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| CHRIS W. WILWANT, | ) ED CV 07-718-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION ) AND ORDER |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Social Security Administration, | ) ) ) |
| Defendant. | ) |

I.  PROCEDURAL BACKGROUND

Plaintiff filed an Application for Supplemental Security Income (SSI) benefits on November 13, 2003, which was initially denied on March 3, 2004, and again on September 22, 2004.  A hearing before an Administrative Law Judge (ALJ) was held on September 12, 2005.  Following receipt of a decision denying benefits, plaintiff sought review to Appeals Council.  The Appeals Council remanded the case to the ALJ on July 12, 2006.  Following the remand, the ALJ denied benefits at a hearing on November 6, 2006.  Plaintiff sought

review to the Appeals Council, and the Appeals Council declined review on April 20, 2007. This action followed. The parties filed a Joint Stipulation, and have consented to the jurisdiction of the magistrate judge. For the reasons shown below, the Commissioners decision denying benefits is affirmed.

DISCUSSION

Plaintiff suffers from degenerative disc disease (DDD) as well as Hepatitis C, and sought SSI benefits in relation to these conditions. (Administrative Record "AR" at 63, 108, 120). Plaintiff alleges three errors in the ALJ's decision to deny benefits. Plaintiff first argues that the ALJ did not properly consider the treating physician's opinion. Secondly, plaintiff argues that the ALJ erred by relying on evidence which was improperly stated or characterized by the ALJ. Thirdly, plaintiff contends that the ALJ failed to pose a complete hypothetical to the vocational expert by excluding some of plaintiff's limitations. For the reasons shown below, the Court finds the ALJ did not err in finding plaintiff was not disabled.

ISSUE ONE

Plaintiff contends that the ALJ erroneously disregarded recent medical reports which support the treating physician's opinion. Plaintiff also argues that the consulting physician's opinion should not be given greater weight than the treating physician's opinion, and that the ALJ erred in not according the treating doctor's opinion greater weight.

For the purpose of SSI benefits, a person is "disabled" if that person is unable to work because of a physical or mental condition which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A) (1988). A person seeking benefits must establish a prima facie case of disability; this frequently involves reliance on medical records and opinions to support the claim. *See e.g.*, *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In reviewing the claimant's medical records, the treating physician's opinion is to be given greater weight than the non-treating physician's opinion because the treating physician generally has had a longer relationship with the plaintiff and a better opportunity to understand the extent of the plaintiff's disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). However, while the treating physician's opinion is to be given greater weight, it is not conclusive as to the type or extent of the disability claimed by the plaintiff. *Magallanes*, 881 F.2d at 751. Instead, an ALJ may place greater weight on the opinion of a non-treating physician, which may differ from the treating physician's opinion. *Id.* A non-treating physician's opinion carries substantial weight to the extent that the opinion was based on objective evidence. *Magallanes*, 881 F.2d at 751 citing *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985). Thus, the ALJ may rely on the opinion of a non-treating physician, even if it opposes the treating physician's opinion, so long as there is evidence in the record to support that opinion. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (holding that so long as the non-treating physician's opinion is not contradicted by all other evidence in the record, it may be relied upon over the opinion of the treating physician). Furthermore, if the non-treating physician is a specialist, that opinion may garner greater weight to the extent it relates to the physician's specialization. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). On the other hand, the ALJ need not accept any opinion when there is little or no evidence in the medical record to support that opinion. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(stating that the ALJ may reject the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings).

When the medical evidence conflicts, the ALJ has discretion to determine which evidence he or she finds most credible. *Sanchez v. Secretary of Health & Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987). On occasion the ALJ may find

the opinion of the non-treating physician to be more credible than the opinion of the treating physician. When a non-treating physician's opinion contradicts a treating physician's opinion, and both opinions rest on objective clinical findings, the ALJ must give specific and legitimate reasons for preferring the non-treating physician's opinion. *Andrews*, 53 F.3d at 1041; see *Magallanes*, 881 F.2d at 751, citing *Winas v. Bown* 853 F.2d 643, 647 (9th Cir. 1987). When the ALJ prefers the non-treating physician's opinion, the ALJ may meet the burden of providing specific and legitimate reasons by thoroughly reviewing the facts and evidence, stating the interpretations, and making findings. *Magallanes*, 881 F.2d at 751, citing *Miller*, 770 F.2d at 849. For a reason to be deemed specific and legitimate, it must be premised on substantial evidence in the record. *Andrews*, 53 F.3d at 1041. The non-treating physician's opinion constitutes substantial evidence "to the extent that it rests on objective clinical tests." *Magallanes*, 881 F.2d at 751, quoting *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

     The ALJ is also responsible for determining the credibility of the claimant. See *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ's assessment of the claimant's credibility carries great weight. *Id*. Generally, the ALJ accepts subjective testimony from the claimant. However, if the ALJ chooses to disregard the claimant's subjective testimony, the ALJ must set forth specific reasons for doing so. *Holohan*, 246 F.3d at 1208. The ALJ may assess credibility using "ordinary techniques of credibility evaluation" such as identifying statements or activities inconsistent with the proffered disability. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Regardless of the ALJ's outcome of the determination of credibility, when the evidence has more than one likely rational interpretation, the ALJ's determination must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984)("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw

inferences logically flowing from the evidence").

In the case before the Court, the ALJ relied on the opinion of a non-treating physician to render his decision. (AR at 17, 21). While the non-treating physician and the treating physician relied on the same objective evidence to determine that plaintiff suffered from severe degenerative disc disease (DDD), they disagreed as to the severity of the disease. (AR at 21, 264-67, 321, 361). The non-treating physician found plaintiff capable of light work, however the treating physician found plaintiff to be temporarily disabled due to his DDD. (AR at 21, 264-67, 321, 361). In finding that the plaintiff was not disabled, the ALJ relied on the non-treating physician's opinion over the treating physician's opinion. (AR at 21).

Here, the ALJ properly supported his decision to rely on the opinion of the non-treating physician with specific and legitimate reasons. First, the consulting physician's opinion was properly viewed as substantial evidence by the ALJ. (AR at 21). The consulting physician physically examined the plaintiff, and relied on the treating physician's records and x-rays to support his finding that plaintiff was not disabled. (AR at 21, 264-67). As stated in *Magallanes*, because the consulting physician's opinion rested on objective clinical tests such as x-rays, it must be considered substantial evidence. *Magallanes*, 881 F.2d at 751. Also, as in *Andrews*, because there is evidence to support the non-treating physician's opinion, it may be used in lieu of the treating physician's opinion. *Andrews*, 53 F.3d at 1041. Moreover, because the consulting physician specializes in orthopedic surgery, his opinion carries greater weight to the extent it reflects his specialty practice and knowledge. (AR at 264-67).

Secondly, the ALJ properly gave less weight to the treating physician's opinion to the extent it reflected a conclusory opinion and was not supported by clinical findings. (AR at 6, 18, 321, 361). As noted in *Thomas*, when the treating physician's opinion is conclusory and unsupported by objective

evidence, it may be disregarded by the ALJ. *Thomas*, 278 F.3d at 957. Moreover, even if the treating physician's opinion was supported by clinical findings, that opinion stated that plaintiff was only temporarily disabled for a period of less than twelve months. (AR at 321). To obtain benefits for disability, the disability must continue for a period greater than twelve months. 42 U.S.C. § 423(d)(1)(A). Thus, the treating physician's opinion merely adds to the evidence that indicates plaintiff is not permanently disabled.

Further, the most recent reports and diagnostic images are not significantly different from earlier reports and diagnostic findings, and thus do not indicate a progressive disease. (AR at 323, 346, 348). Plaintiff was consistently diagnosed with moderate to advanced DDD in 2003. (AR at 244, 266, 275). The 2006 MRI and diagnostic images similarly diagnose plaintiff with severe DDD, and thus do not provide support for the treating physician's finding of temporary disability. (AR at 323, 346, 348).

Finally, the ALJ properly relied on other evidence, such as the plaintiff's work history and testimony, to find that plaintiff was not credible regarding the severity and extent of his impairments. (AR at 18-24), *Fair*, 885 F.2d at 604. Here, the ALJ found plaintiff not to be a credible historian based on numerous inconsistencies in plaintiff's testimony as well as actions inconsistent with plaintiff's alleged disability. (AR at 18-24). For example, although plaintiff alleged severe DDD, he continued working, applied for and received a commercial driver's license without any restrictions, and successfully completed two quarters of welding school. (AR at 18-24). These activities are inconsistent with the degree of impairment claimed by plaintiff. Moreover, on several occasions plaintiff misled the ALJ: he claimed he was prescribed to use a cane, then admitted it was from a friend; plaintiff failed to list his truck as an asset and failed to correct the form; plaintiff complained of inability to use foot controls, then admitted he drove a manual transmission truck and had driven himself to the

hearing. (AR at18-23, 108, 427-31). As evidenced above, the ALJ gave specific and legitimate reasons to place greater weight on the opinion of the non-treating physician. The ALJ properly considered the most recent evidence in combination with the weight of past evidence and the doctor's opinions to find that the plaintiff is not disabled.

ISSUE TWO

Plaintiff alleges that the ALJ improperly stated or characterized evidence, and then relied on said evidence to support his finding of no disability. Plaintiff primarily contends that the ALJ improperly relied on selected evidence to form his opinion, and erroneously disregarded evidence that would support an opposite conclusion. Plaintiff further argues that the ALJ erroneously relied on plaintiff's demeanor and actions at the hearing (specifically his ability to sit through, and drive himself to, the hearing) as evidence that plaintiff's impairment was not as severe as plaintiff claimed.

When there are conflicting opinions and evidence, "the ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Allen*, 749 F.2d at 579. In determining how much weight to give each piece of evidence, the ALJ must decide whether the evidence or testimony is credible. *Id*. When the credibility finding is supported by substantial evidence, the reviewing court must defer to the ALJ's finding. *Id*. Evidence is substantial when it is supported by more than a scintilla of evidence and a reasonable person would accept such evidence as sufficient to support a conclusion. *Gallant*, 753 F.2d at 1456, quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229; 59 S. Ct. 206, 216; 83 L. Ed. 126 (1938). However, the ALJ may not attempt to justify his or her own conclusion by ignoring relevant evidence that would suggest an opposite finding. *See*, *e.g.*, *Bellamy v. Secretary of Health & Human Servs.*, 755 F.2d 1380, 1382 (9th Cir. 1985).

This case involves conflicting evidence: the treating physician stated

plaintiff was temporarily disabled, however the consulting physician stated that plaintiff could perform light sedentary work. (AR at 267). Plaintiff himself offered conflicting testimony regarding his employment since the onset of his disc disease. (AR at 16-19, 415,). Thus, the ALJ had the authority to decide which evidence to rely on, based on the extent to which the evidence was credible. *Allen*, 749 F.2d at 579. In this case, the ALJ properly assessed the credibility of all evidence available, relied on the evidence he deemed most credible, and disregarded evidence with little weight or credibility.

For example, plaintiff relies on his physician's opinion that plaintiff had to be cleared for work by an orthopedist as evidence that plaintiff was disabled, however, that evidence is not strong. (AR at 212). The opinion is not written; rather it is a form on which the physician has checked a box, and typed next to the box "acceptance pending employee's receipt of: clearance by ortho for work duties." (AR at 212). There is no evidence included in this opinion to support such a finding, and the form does not state an opinion on plaintiff's alleged disability. (AR at 212). Thus the ALJ did not err in according this evidence little to no weight.

The plaintiff also claims that the most recent radiology report would suggest a disability, and that the ALJ erred in relying on an older report. However, the plaintiff has been consistently diagnosed with moderate to severe disc disease since 2003, and plaintiff himself claimed to have severe disc disease as early as 2003. (AR at 108, 244, 266, 275). The newest report adds little to his current condition as outlined in the 2003 radiology report. Thirdly, plaintiff argues that the ALJ erred in using plaintiff's work history to support the conclusion that plaintiff is not disabled. However, as noted in *Fair*, the ALJ is free to use ordinary techniques of credibility determinations to assess credibility. *Fair*, 885 F.2d at 604. Here, the ALJ did that by highlighting the inconsistencies between plaintiff's alleged disability and his actions, as noted above. Thus, the

ALJ was correct in using plaintiff's work history to find that plaintiff was not disabled.

Finally, the plaintiff contends that the ALJ erred by relying on his observation of plaintiff at the hearing to discredit plaintiff's testimony regarding his disability. The ALJ may not rely solely on personal observations of the plaintiff during the hearing to discredit the plaintiff's subjective pain testimony. *Gallant*, 753 F.2d at 1455 ("The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible"); *see also Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). While the ALJ could not rely on such scant evidence alone to justify a finding of incredibility, because this was only a small piece of the overall picture indicating plaintiff did not suffer a disability, it may properly be considered as a general credibility factor. *Allen*, 749 F.2d at 579.

Moreover, because the ALJ properly gave clear and convincing reasons to discredit plaintiff's subjective pain testimony, the inclusion of the ALJ's observations of plaintiff at the hearing "does not render the decision improper" and merely amounts to harmless error. *Morgan v. Commissioner of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1995); *see*, *e.g.*, *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378 (9th Cir. 1984)(stating that when an ALJ makes an error in his findings, that error is harmless when it would not change his decision if rectified and when the ALJ has substantial evidence to support his decision). For the above mentioned reasons, this Court finds the ALJ did not mischaracterize the evidence and properly assessed the credibility of the evidence as a whole in making his decision.

ISSUE THREE

Lastly, plaintiff argues that the ALJ erred in failing to include plaintiff's fatigue and inability to sit for long periods as limitations and thus failed to pose a complete hypothetical to the vocational expert. For the following reasons, this Court finds no error.

A hypothetical is posed to the vocational expert when the claimant has shown that the claimed impairment prevents the claimant from working at a prior job. *See*, *e.g.*, *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The hypothetical must list all of the claimant's limitations, but the ALJ is not required to include limitations which are not supported by substantial evidence. *Magallanes*, 881 F.2d at 756, citing *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986)(holding that the ALJ is free to reject limitations even when there is conflicting medical evidence). Thus, failure to include a limitation is only objectionable when that limitation is supported by substantial evidence. *Magallanes*, 881 F.2d at 757, citing *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982).

When the claimed limitation is subjective, the ALJ must find both that the claimant has a legitimate reason to have the claimed impairment and that the claimant is credible with regards to the type and severity of the claimed impairment. *See*, *e.g.*, *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ is free to disregard subjective testimony when it is not supported by objective evidence or if the ALJ does not find the claimant to be a credible historian. *Bellamy*, 755 F.2d at 1382. As stated above, the ALJ may use ordinary techniques to determine credibility such as statements or activities that are inconsistent with the alleged disability. *Fair*, 885 F.2d at 604. One factor that may be considered regarding the credibility of plaintiff's alleged disability is the type and extent of treatment plaintiff had in relation to the alleged disability. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)(en banc). Minimal, conservative

treatment would indicate that the condition is not as severe as plaintiff claims. *Meanel*, 172 F.3d at 1113. Similarly, plaintiff's failure to follow a prescribed treatment or seek rehabilitation or treatment would also indicate that plaintiff's condition is not severe. *Bunnell*, 947 F.2d at 346.

In this case, plaintiff's claimed limitations of fatigue and inability to sit for long periods were deemed not credible by the ALJ. Plaintiff first complains that his fatigue is not included as a limitation in the hypothetical. Here, the plaintiff does have a legitimate cause for his fatigue as the plaintiff suffers from Hepatitis C, which can cause fatigue. However, the severity of fatigue that plaintiff claims is not supported by objective evidence in the record. Although plaintiff has had Hepatitis C for over ten years, there is no evidence in the record that plaintiff ever received treatment for it, and he displayed little concern for it. (AR at 65, 108-13, 140-41). Moreover, although plaintiff complained about his fatigue on at least one occasion, it did not appear to be an ongoing issue, and no therapy or treatment was suggested to plaintiff. (AR at 65, 108-13, 140-41, 161-70). Finally, the fact that the disease does not seem to be progressive, combined with the fact that plaintiff was employed for several years while dealing with this disease, largely discredits his complaint regarding his fatigue. (AR at 17-24).

Secondly, plaintiff complains that his inability to sit and stand for long periods is not included as a limitation in the hypothetical. However, the ALJ did include a moderate limitation on plaintiff's ability to sit and stand in the hypothetical. Overall, the ALJ did not find the plaintiff credible regarding the nature and severity of the ailments.

While plaintiff had sufficient medical conditions to warrant his claimed limitations, because the ALJ did not find plaintiff to be credible, he was free to exclude these limitations from the hypothetical. The ALJ was not required to include the extent of plaintiff's alleged disability in the hypothetical when the ALJ properly found little objective evidence to support that claim, and deemed

plaintiff's claims to be not credible in general. The ALJ's credibility findings were based on plaintiff's actions and statements to the court that showed inconsistencies with his claimed disability.

As previously described, plaintiff continued working despite his claim of severe disc disease, he applied for and received a commercial driver's license without restriction, and he completed welding school classes. (AR at 18-24). In addition, plaintiff made inconsistent statements to the court, which indicated plaintiff was not disabled. Plaintiff claimed that a physician prescribed a cane, but later admitted he received it from a friend; he also denied being able to use foot controls, then admitted he had driven a manual transmission truck for over two years. (AR at 18-23, 427-31). Plaintiff's actions, inconsistent with his alleged disability, indicate that plaintiff is not disabled, and strengthens the consulting physician's opinion by supporting the finding that plaintiff is not disabled. Furthermore, plaintiff has received only conservative treatment for his disc disease and refused physical therapy for his disc disease. (AR at 18-23, 226-27, 278, 281-84, 289-90, 307-312). Again, these actions are inconsistent with the degree of impairment claimed.

Finally, the ALJ relied on the finding of psychiatrist Dr. Smith who examined plaintiff and found he made exaggerated claims about his mental state that were not supported by her findings upon interviewing him. (AR at 22-23, 296-303). Plaintiff's alleged impairments need not have been considered limitations because they are not supported by objective evidence of the record and because plaintiff failed to show that he is credible regarding the type and severity of his impairments. Thus, because these impairments are not legitimate limitations, the ALJ did not err in failing to include them when he posed the hypothetical to the vocational expert.

# I. ORDER

For the foregoing reasons, this decision of the Commissioner is affirmed, and plaintiff's complaint is dismissed.

DATED: July 1, 2008

/ s /
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE